JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENCORR SHEETS, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>WAYNE RODRIGUEZ,<br><br>      Defendant. | Case No.: 5:21-cv-01874-MEMF (SHKx)<br><br>**ORDER AND JUDGMENT GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND AN AWARD OF COSTS [ECF NO. 20]** |

  Before the Court is Plaintiff Encorr Sheets, LLC's Motion for Default Judgment and Award of Attorneys' Fees[1] and Costs. ECF No. 20. On April 7, 2022, the Court held a hearing on the Motion.

  For the reasons stated herein, the Court GRANTS the Motion for Default Judgment.

/ / /

/ / /

---

[1] Although the caption of the Motion filed by Encorr Sheets, LLC makes reference to attorneys' fees, Encorr Sheets, LLC does not request attorneys' fees in the body of its Motion so the Court does not address the relief in its Order.

# BACKGROUND

## I. Factual Background[2]

Encorr Sheets, LLC ("Encorr") is a manufacturer of corrugated packaging, based out of Ontario, California. ECF No. 1 ("Compl.") ¶¶ 1, 6. On June 26, 2017, Wayne Rodriguez ("Rodriguez") began his employment at Encorr as a Sheet Line Operator. On Thursday, September 9, 2021, Rodriguez abruptly resigned from Encorr, leaving a copy of his "two-week notice" letter on his desk. *Id.* ¶ 18. Encorr made five attempts to retrieve Rodriguez's "company laptop, key(s) access cards and fobs," but still has not regained possession of the property. *Id.* ¶¶ 20–29. At one point, Rodriguez agreed to return the property but has since "den[ied] possession of any company-owned computer," and stopped responding to Encorr's demands. *Id.*

## II. Procedural History

On November 1, 2021, Encorr filed its Complaint, alleging three causes of action: (1) misappropriation of trade secrets in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836; (2) misappropriation of trade secrets in violation of the California Uniform Trade Secret Act, CAL. CIV. CODE § 3426; and (3) conversion, CAL. CIV. CODE § 3336. ECF No. 1. On November 18, 2021, Encorr filed proof of service on Rodriguez. ECF No. 16. On February 4, 2022, Encorr filed a Request for the Clerk to enter default against Rodriguez, which was granted on February 7, 2022, pursuant to Fed. R. Civ. P. 55(a). ECF No. 19. On February 8, 2022, Encorr filed the instant Motion with this Court asking for default judgment. ECF No. 20. On March 29, 2022, the Court ordered Encorr to provide notice to Rodriguez of the hearing set for April 7, 2022, and to file proof of service of that notice by April 4, 2022. ECF No. 27. On April 4, Encorr filed a response indicating that it "cannot provide proof of additional service on Defendant Rodriguez regarding the hearing scheduled for April 7, 2022." ECF No. 30. On April 7, 2022, the Court heard Encorr's Motion. At the hearing, Encorr clarified that it had made an attempt to provide notice of the hearing to

---

[2] This statement of facts is taken from the allegations in Encorr's Complaint. As discussed below, because the clerk has entered default in Encorr's favor, these facts are deemed admitted by Defendant Wayne Rodriguez.

Rodriguez and meant to communicate in the April 4 Response (ECF No. 30) that it had been unable to reach him and confirm receipt.

### III. Legal Standard

Federal Rule of Civil Procedure 55(b) authorizes a district court to grant default judgment after the Clerk of the Court enters default under Rule 55(a). Local Rule 55-1 requires the party seeking default judgment to file a declaration establishing: (1) when and against what party the default was entered; (2) the pleading on which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other like fiduciary who has appeared; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that the defaulting party was properly served with notice. C.D. CAL. L.R. 55-1.

Once default has been entered, the factual allegations in the complaint, except those concerning damages, are deemed admitted by the non-responding party. *See* FED. R. CIV. PROC. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir.1987). However, default judgment is not automatic upon the Clerk's entry of default; rather, it is left to the sound discretion of the court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092–93 (9th Cir. 1980). When deciding whether to enter default judgment, courts consider seven factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### IV. Discussion

#### A. Encorr Has Satisfied the Procedural Requirements of Local Rule 55-1

Encorr has demonstrated sufficient attempts to provide notice to Rodriguez of this action and the instant motion. On February 7, 2022, the Clerk of the Court entered default against Rodriguez. ECF No. 19. Rodriguez has not responded to the Complaint or otherwise defended the action. Encorr also submitted a declaration from counsel establishing that Rodriguez is not a minor, infant, or otherwise an incompetent person, and that the Servicemembers Civil Relief Act does not apply. ECF

No. 18-1, Declaration of Robyn E. Marsh ("Marsh Decl.") ¶ 4. Finally, Encorr served Rodriguez with the Summons and Complaint. *Id.* ¶ 3; *see also* Marsh Decl., Exhibit A (documenting numerous attempts at service at his residence). Accordingly, Encorr has complied with the Local Rule 55-1 procedural requirements.

### B. The *Eitel* Factors Weigh in Favor of Entering Default Judgment

#### i. Possibility of Prejudice to Encorr

The first *Eitel* factor requires the Court to consider the harm to a plaintiff in the absence of a default judgment. *See Eitel*, 782 F.2d at 1471–72. Encorr argues that default judgment is its "only recourse against Rodriguez for his refusal to return company property, which contains company confidential and proprietary information." ECF No. 20 ("Mot.") at 7.

Taking the factual allegations as true—as this Court must, given that the Clerk has entered default—Encorr will be prejudiced if the Court does not grant default judgment. To date, Encorr has been unable to reach Rodriguez and retrieve the laptop despite its good faith efforts to do so. At the hearing, Encorr explained that it could only ascertain what business information, if any, had been distributed by Rodriguez once it has the laptop back in its physical possession. Accordingly, the Court finds that this factor weighs in favor of default judgment.

#### ii. Merits of the Claim and Sufficiency of the Complaint

The second and third *Eitel* factors consider the substantive merits and sufficiency of the complaint. *See Eitel*, 782 F.2d at 1471–72. Notwithstanding the entry of default, the Court must still determine if the facts alleged give rise to a legitimate cause of action because "claims [that] are legally insufficient . . . are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Encorr maintains that it is entitled to relief on each of the claims set forth in its Complaint. Mot. at 8. At this time, however, Encorr only seeks a default judgment on its conversion claim, requesting the return of Encorr's company property. Accordingly, the Court addresses only the conversion claim, herein.

"Conversion is the wrongful exercise of dominion over the property of another." *Oakdale Vill. Group v. Fong*, 43 Cal.App.4th 539, 543 (1996). To prevail on a conversion claim, Encorr must allege: (1) that Encorr owned or had the right to possess the property at issue; (2) wrongful

disposition of the property right by the defendant; and (3) damages. *See Mindys Cosms., Inc. v. Dakar*, 611 F.3d 590, 601 (9th Cir. 2010). It is necessary to show that the alleged converter has assumed control over the property "or that the alleged converter has applied the property to his own use." *Oakdale*, 43 Cal. App. 4th at 543–44.

The Complaint contains the following allegations regarding Rodriguez's purported conversion:

> 13. Rodriguez further understood and agreed that upon Encorr's request or termination of his employment, he would immediately return all Encorr's property and information;
>
> 19. Despite obligations to return company property to Encorr upon termination of his employment, Rodriguez violated Encorr policy by taking company property, including a company-owned laptop containing confidential, trade secret, and proprietary information, keys to the facility, and access fobs;
>
> 27. Rodriguez acknowledged receipt of Encorr's demand but has, nonetheless, refused to return the Encorr-owned device. Rather, this time Rodriguez responded by denying possession of any company-owned computer. Rodriguez's new tack in denying possession of a computer directly contradicts previous assertions by Rodriguez less than a week earlier stating that the [c]omputer and everything will be sent today (internal citations omitted);
>
> 28. Finally, on October 4, 2021, Encorr again sent Rodriguez a follow-up letter giving Rodriguez a final chance to comply with his obligations, providing pre-paid shipping label and packaging for the safe return of its property, advising that if Rodriguez failed to return the computer, Encorr would be forced to take legal action. (Exhibit 10.) Encorr did not receive any response from Rodriguez;
>
> 30. Further, Rodriguez's refusal to return the confidential and proprietary information to Encorr has harmed and threatens to continue to harm Encorr's goodwill, reputation, and competitive and business advantages; and
>
> 31. For example, if Rodriguez discloses this information—whether intentionally or inadvertently—to an Encorr competitor, the competitor could use the information to unfairly compete with Encorr, divert its customers, and undercut its business.

Encorr's allegations, taken as true, establish that (1) Encorr had the right to repossess its company property at the termination of Rodriguez's employment; (2) Rodriguez continues to wrongfully maintain possession of the company property; and (3) Encorr will suffer damages if its company information is shared with and used by a competitor. Because the Complaint establishes the "wrongful exercise of dominion over [Encorr's] property," the second and third *Eitel* factors favor granting default judgment. *Oakdale*, 43 Cal. App. 4th at 543.

###### iii. Sum of Money at Stake

In evaluating this factor, the Court must balance the amount of money at stake in relation to the seriousness of Defendant's conduct. *See Eitel*, 782 F.2d at 1471–72. Generally, default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct. *See, e.g., Kong v. Pulido,* 2019 WL 1751843, at *2 (C.D. Cal. Mar. 18, 2019).

Here, Encorr does not seek any monetary damages. It only requests (1) "an order enjoining and restraining Rodriguez from possessing, using, disclosing, or having access to Encorr's confidential, trade secret, or proprietary information;"[3] (2) the "return [of] all Encorr confidential or proprietary information in his possession, custody, or control to Encorr;" and (3) "costs of suit incurred herein, approximately $402.00 filing fee and $1,558.60 service of process, for a total of $1,960.60." Mot. at 10–11. Accordingly, the fourth factor does not weigh against default judgment.

###### iv. Possibility of Dispute

The fifth *Eitel* factor requires the Court to consider the possibility of dispute about material facts in the case. *See Eitel*, 782 F.2d at 1471–72. Generally, where a complaint is well-pleaded and the defendants make no effort to respond, this favor weighs in favor of default judgment.

While Rodriguez has not responded to the action and Encorr alleges there are no facts in dispute, the documents attached to Encorr's complaint suggest that there may be some facts in dispute. Exhibit 9 to Encorr's complaint purports to be an email communication from Rodriguez to an employee at Encorr. ECF No. 1-9 ("Ex. 9"). In that email, Rodriguez claims that he made an attempt to return the property, but no one answered the door, and a signature was required. Ex. 9 ¶ 2. At the April 7, 2022 hearing, Encorr explained that there is always someone at the Encorr premises to receive packages and someone would have been present when Rodriguez made this alleged attempt. In any event, however, Encorr has filed a well-pleaded complaint and all well-pleaded facts in the complaint are taken as true, except those relating to damages. *See TeleVideo Sys. Inc.*, 826

---

[3] The Court notes that Encorr has not moved for default judgment on its claim for injunctive relief. At the April 7, 2022 hearing, Encorr confirmed that it was not moving on this claim and conceded that a request for "an order enjoining and restraining Rodriguez from possessing, using, disclosing, or having access to Encorr's confidential, trade secret, or proprietary information" is inappropriate at this time. Accordingly, the Court declines to issue this order and grant judgment on its claim for injunctive relief.

F.2d at 917–18 ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true") (internal quotations omitted). Accordingly, despite the possibility of a dispute, this factor weighs in favor of default judgment, although perhaps not heavily so.

### v. Possibility of Excusable Neglect

The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect. *See Eitel*, 782 F.2d at 1472.

Here, Encorr alleges it has made numerous attempts to serve Rodriguez with the Complaint, summons, and this motion for default judgment. *See supra* section II.A. Absent any further information, the Court is unable to conclude whether Rodriguez's failure to respond is due to excusable neglect.

### vi. Policy Favoring Resolution on the Merits

The Ninth Circuit's "starting point is the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Therefore, the policy favoring resolution on the merits weighs against granting default judgment.

Taken as a whole, the Court finds that the *Eitel* factors weigh in favor of granting default judgment in this case.

## V. Remedies

### A. Costs of Suit Are Appropriate

Under Federal Rule of Civil Procedure 54(d)(1), a plaintiff prevailing on a motion for default judgment is entitled to costs other than attorney's fees. Accordingly, the Court GRANTS Encorr's request for the costs of suit incurred herein, approximately $402.00 filing fee and $1,558.60 service of process, for a total of $1,960.60.

/ / /

/ / /

### VI. Conclusion

For the reasons stated above, the Court GRANTS Encorr's Motion for Default Judgment and ORDERS as follows:

1. Judgment shall be entered in favor of Encorr on its third cause of action for conversion;
2. Rodriguez is ordered to return the company computer to Encorr within three (3) days of this Order;
3. Encorr shall be awarded its costs of suit in the amount of $1,960.60; and
4. Judgment shall be entered against Rodriguez on Encorr's conversion claim.

Dated: May 17, 2022

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge